STATE, SARAH E. JAMESON, PROSECUTRIX, v. RUSLING HOPPOCK ET AL.

1. When application is made by an overseer of highways to two justices of the peace and two surveyors, to determine with respect to encroachments on a specified public road, under section 49 of the Road act, it is their duty to make a determination with respect to all encroachments upon such road.
2. Any one owning land upon such road is entitled to a review of the proceedings of such justices and surveyors, if upon such application they refuse or neglect to determine as to encroachments upon part of the road

---

On *certiorari* bringing up the determination of justices and surveyors of highways in respect to encroachments on a public road duly laid out in the township of Holland, Hunterdon county.

Argued at June Term, 1884, before Justices VAN SYCKEL and MAGIE.

For the prosecutrix, *R. S. Woodruff, Jr.*

For the defendants, *H. A. Fluck.*

The opinion of the court was delivered by

MAGIE, J. There seem to be objections to the form of the return as printed, but not being covered by any of the reasons, they have not been considered.

The main question is one of fact, and is whether the determination fixes the location of the road as it was originally laid out in 1855.

The determination on questions of fact may be reviewed. *Gulick* v. *Groendyke,* 9 *Vroom* 114; *Newbold* v. *Taylor, ante p.* 133. It ought not, however, to be set aside unless clearly shown to be erroneous.

In this case the determination of the location of the road is so clearly wrong that it cannot stand.

The practical surveyor employed by the township, Duckworth, admits that he located the beginning point of the road without reference to the principal monument referred to in the original return, but solely by reference to a stone, a corner of some properties, which he assumed to be the beginning point of the road. The assumption is without support from anything in the return or in the evidence. From this point he laid the first course of the road and stopped. He did not run the only other course, and he is not sure that he sought for the ending point, which in the original return was fixed at the junction of the boundary line of three known properties. He admits that if his beginning point and first course be accepted, the second course will not at all conform to the road as it has there been practically located since it was laid out.

Three other surveyors were examined. Stover and Havens, called by prosecutrix, agree that Duckworth's line was not correctly located. Havens, having failed to establish the

beginning point by its monuments (which have been removed), went to the end of the survey and found, as he claims, the ending point. He then traced back the survey and reached a point much farther east than Duckworth's. His reasons for maintaining that he accurately fixed the ending point are very convincive.

Havens is confirmed in the main by Gano, a surveyor called by defendants. He was unable to find the beginning point from its monuments, and sought for the ending point. He located it partly by other means than those employed by Havens, and within a very short distance of Havens' point. He insists that Havens was misled in running his course by some local attraction affecting his compass, at that point. Having made allowance for this, Gano traced back the survey and found the beginning point seven and eight-tenths feet further east than Duckworth's.

The justices and surveyors apparently felt that Duckworth's line was erroneously located, for they arbitrarily determined on a line two feet further east. While this was in prosecutrix's favor (for her land lies on the west side of the road), yet it did not do justice. Duckworth's survey is clearly unsupported. Havens' and Gano's, while not quite agreeing, show its error, and the latter (Gano), who was defendants' witness, fixes the centre line much more than two feet farther east of the line fixed by the determination.

Therefore, while all agree that there has been some encroachment by prosecutrix, it is plain it is by no means so great as determined.

It further appears that the justices and surveyors were called by an overseer of the highways within whose district this road was situated, to determine who had encroached on the whole line of the road, which was in two courses. They limited their consideration to the course along prosecutrix's land, and expressly declare that they do not pass on or determine any other encroachments, because the objections to them had been withdrawn by the applicants to the overseer of the highway.

This course cannot be supported. Being once applied to, it was their duty to determine all the encroachments on the road. They could not be discharged from that duty by any private individuals. Whether the overseer could withdraw his application is quite questionable. But it is clear that so long as the application remained their duty was to proceed.

Whether prosecutrix can take advantage of this error is another question. If the matter was fairly conducted it did not affect the adjudication as to her encroachments. But if the refusal to proceed was because the line adopted, if carried out, would do gross injustice and immediately prove its erroneous location, then she was directly injured thereby.

But it appears that she was an owner of lands on the road, and so had an interest in the faithful discharge of the duties of the justices and surveyors, and is thus entitled to this writ to review their proceedings.

It may also be remarked that while it appears that the fence lines along prosecutrix's lands upon this road formerly stood in a different location, there is nothing, or at least not sufficient to show that the land, up to such fence lines, was dedicated to public use. The proceeding below was based on the original laying out of the street and has been so considered here.

The proceedings brought up by this writ must therefore be set aside, with costs.